IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL ALETUM
*Plaintiff*

v.

Civil Action No. ELH-19-1972

KUEHNE + NAGEL COMPANY
*Defendant.*

**MEMORANDUM**

On June 4, 2019, Michael Aletum, the self-represented plaintiff, filed an employment discrimination action in the District of Columbia against defendant "Kuehne + Nagel Company" ("Kuehne")[1] under the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.*  ECF 1. Plaintiff, who is deaf, alleges that Kuehne asked him "illegal questions" during a job interview and declined to hire him because of his disability. *Id.* at 6.

Judge James E. Boasberg transferred the case to the District of Maryland on June 12, 2019, where it was assigned to me.  By Order of August 26, 2019 (ECF 7), the Court granted Mr. Aletum's motion to proceed in forma pauperis (ECF 2), under 28 U.S.C. § 1915, and directed him to amend his Complaint "to provide brief, concise, and clear factual allegations in compliance with Fed. R. Civ. P. 8(a)."  ECF 7 at 2.

Plaintiff filed an Amended Complaint on September 23, 2019.  ECF 8 (the "Amended Complaint").[2]  Thereafter, Kuehne moved to dismiss the Amended Complaint, for failure to effect service of process, pursuant to Fed. R. Civ. P. 12(b)(5), and failure to state a claim under

---

[1] In his suit, plaintiff identifies defendant as "Kuehne + Nagel Company."  ECF 8 at 1. However, defendant refers to itself as "Kuehne + Nagel Inc."  ECF 14.

[2] ECF 8 is titled "Complaint," not Amended Complaint or First Amended Complaint.

Fed. R. Civ. P. 12(b)(6).   ECF 14. Mr. Aletum opposed the motion (ECF 24) and defendant

replied.  ECF 27.

The Court granted Kuehne's motion pursuant to Rule 12(b)(6) and dismissed Mr.

Aletum's Amended Complaint in a Memorandum Opinion (ECF 28) and Order (ECF 29) of

April 23, 2020.  The Court determined that plaintiff "sufficiently alleged that he has a recognized

disability under the ADA" and "applied for a vacant job at Kuehne and did not obtain the

position."  ECF 28 at 19.  But, I concluded that the ADA claim was subject to dismissal because

the Amended Complaint "d[id] not support the inference that Kuehne denied plaintiff a job

because of his disability."  *Id.*

In reaching that decision, the Court observed that Mr. Aletum's pleading was

"conspicuously lean on facts—the 'who, what, where, when, and why' of the case."  *Id.*   The

Court stated, *id.* at 19-20:

> In his Amended Complaint, plaintiff submits, ECF 8 at 6: he had a phone
> interview on July 13, 2018, with a "general manager" at Kuehn for a management
> position; it lasted "less than 10 minutes"; and he was asked "illegal" as opposed to
> "proper" questions. Yet, the content of the interview, such as the allegedly illegal
> questions posed to plaintiff during the interview, is left wholly to the imagination
> as that information is not included in plaintiff's pleadings.

Further, I explained that "[c]onclusory adjectives like 'illegal' are not a substitute for factual

allegations" because factual averments were necessary for the Court to perform the Rule 12(b)(6)

assessment: "whether the facts alleged by the plaintiff, assuming they are true, state a claim for

relief."  *Id.* at 20 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009); *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555-56 (2007)).

In the Memorandum Opinion, I noted that Mr. Aletum's initial Complaint contained the

same defect and that I had instructed him to amend his pleading to "'provide facts to support his

claim that the interview was conducted in an unlawful, discriminatory manner.'"  ECF 28 at 21

(quoting ECF 7).  Nonetheless, because the Amended Complaint still did "not provide enough factual detail to support a claim of discrimination under the ADA," I dismissed plaintiff's ADA claim "*without prejudice*."  *Id.* (emphasis in original).

On May 14, 2020, Mr. Aletum filed a Second Amended Complaint ("SAC"), in an effort to revive his ADA failure-to-hire claim against Kuehne (ECF 33).[3]  In addition, the Court received correspondence from plaintiff on May 27, 2020, titled, "The allegations of Defendant's Attorney and Memorandum Opinion."  ECF 34.

Defendant moved to dismiss the SAC on May 29, 2020, asserting once again that plaintiff had not properly effected service of process and failed to allege plausible claims.  ECF 38; ECF 38-1 (collectively, the "Motion").  Plaintiff responded (ECF 40) and submitted one exhibit.  ECF 40-1.  Defendant has replied.  ECF 43. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6.

Like its predecessors, the SAC is heavy on legal arguments and light on factual allegations.  As before, plaintiff asserts that Kuehne denied his job application because he is deaf, but he provides no concrete facts to support his claim.  *See* ECF 33 at 6 ("In fact, the interviewer (defendant) were "NOT' supportive to my disability because the defendant never support [sic] my disability . . . .");  *see id.* at 13 ("The Kuehne + Nagel Inc. was not supportive of my disability . . . never supported my disability for his or her clear/proper interview questions over the purple video phone (Purple VRS).");  *see id.* at 14 (alleging that defendant's actions were "illegal").  However, for the reasons set forth in my prior Memorandum Opinion, "naked assertions devoid of further factual enhancement" are insufficient to state a claim that can withstand a challenge under Fed. R. Civ. P. 12(b)(6).  *Iqbal*, 556 U.S. at 678 (cleaned up and

---

[3] ECF 33 is titled "Amended Complaint," not Second Amended Complaint.

citation omitted).  Thus, even under the generous standard of review afforded to self-represented

litigants, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the SAC, like plaintiff's earlier pleadings,

fails to state a claim under the ADA.

Whether to dismiss with or without prejudice under Rule 12(b)(6) lies within the court's

discretion.  *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825-26 (D. Md. 2013).  Generally,

where the paucity of factual allegations compels the complaint's dismissal, the plaintiff should

be afforded the opportunity to amend and so the dismissal should be without prejudice.  *See

Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013).  But, a plaintiff is not

entitled to endless chances.  Rather, "when a plaintiff has had the opportunity to amend in

response to a defendant's identification of pleading deficiencies but still fails to state a claim,

dismissal with prejudice is appropriate because another opportunity to amend would be futile."

*Woods v. Wash. Metro. Area Transit Auth.,* PWG-18-3494, 2019 WL 3766508, at *7 (D. Md.

Aug. 9, 2019), *aff'd*, 785 F. App'x 188 (4th Cir. 2019); *see also Green v. wells Fargo Bank*,

N.A., 790 F. App'x 535 (4th Cir. 2020) (mem.) (remanding unripe case and instructing that the

district court, "in its discretion, either afford [plaintiff] another opportunity to amend or dismiss

these claims with prejudice").

In this case, the Court has, on two prior occasions, apprised plaintiff of the deficiencies

with his pleadings, explained the allegations necessary to state a claim for disability

discrimination, and permitted plaintiff to amend his complaint.  For a third time now, Mr.

Aletum has swung and struck out.  And notably, plaintiff has not altered his approach.  In fact,

despite the Court's instructions to add more factual allegations, the SAC doubles down on legal

contentions.  *See* ECF 33 at 14 ("I am really describing that the Court must take my disability's

word by reason of the defendant from Kuehne's actions were illegal and my disability's right

was violated.").  Thus, there is no reason to think that plaintiff, if given a fourth chance, will make it to first base.  Therefore, dismissal of the SAC *with prejudice* is appropriate.  *See, e.g.*, *Wash. Cty. Bd. of Educ. v. Mallinckrodt*, 431 F. Supp. 3d. 698, 709 n.13 (D. Md. 2020) (dismissing party with prejudice where the plaintiff "had two opportunities to state a claim against [defendant] and has been unable to do so").

For the foregoing reasons, I shall grant the Motion (ECF 38).  An Order follows, consistent with this Memorandum.


Date: July 1, 2020                                    _____/s/_____
                                                                Ellen L. Hollander
                                                                United States District Judge